UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Alfred Brochu,<br><br>  Plaintiff,<br><br>  v.<br><br>James Baker, Commissioner,<br>Vermont Department of Corrections<br>and Core Civic Corporation,<br><br>  Defendants. | Civil Action No. 2:21–cv–204–wks-kjd |

# ORDER
## (Doc. 17)

  Plaintiff Alfred Brochu, an inmate representing himself, initially filed suit in Vermont Superior Court in April 2020, seeking review of government action under Vermont Rule of Civil Procedure 75.[1]  Brochu requested and received *in forma pauperis* (IFP) status in the Vermont Superior Court.  Following Brochu's filing of an Amended Complaint on August 23, 2021, Defendant James Baker, Commissioner of the Vermont Department of Corrections (DOC) removed the case to this Court on September 2, 2021.  On October 4, 2021, the Court granted Defendant Baker's motion to stay further proceedings in this case to permit prescreening review of the Amended Complaint under 28 U.S.C. § 1915A.  For the reasons discussed below, Brochu's Amended Complaint (Doc. 17) is DISMISSED without prejudice.  The Court also grants Brochu leave to file a Second Amended Complaint.

---

[1] This provision generally permits court review of "[a]ny action or failure or refusal to act by an agency of the state." Vt. R. Civ. P. 75.

I.      **Procedural History and Allegations of Brochu's Amended Complaint**

Brochu is a Vermont DOC inmate currently residing at the Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi.  Brochu commenced this action with the filing of a Complaint against the Acting Warden of TCCF and Acting Commissioner of Vermont DOC, asserting claims of inadequate medical care for his chronic conditions.  Brochu alleged that: (1) he has "not been adequately treated for [his] chronic neuropathy. . . hav[ing] been refused all treatment besides Symbalta, which [Brochu's] medical records should demonstrate has been employed in the past with no success"; (2) he has not been "prescribe[d] . . . a heating pad for [his] neuropathy because . . . CCA policy forbids it"; (3) he has had an "ongoing problem with [his] KOP medications . . . hav[ing] received [his] KOP's on time on only three (3) occasions"; and (4) he is "experiencing a constant failure on the part of the nursing staff to respond to [his] sick-call slips for: a) [d]iabetic shoes and inserts for [his] neuropathy; and b) [t]reatment for a recurring issue with UTI."  (Doc. 5-1 at 2.)

On December 7, 2020, the Vermont Superior Court denied the State of Vermont's motion to dismiss the Complaint, observing that the "Vermont DOC plainly has the duty to provide medical care to inmates."  (Doc. 12 at 2.)  Brochu moved to amend his complaint in February 2021.[2]  On July 15, 2021, the Superior Court granted Brochu's motion to amend but required that he identify the names of the defendants within 30 days.  Accordingly, Brochu filed an Amended Complaint in August 2021 naming Vermont DOC Commissioner Baker and Core Civic Corporation as defendants.

---

[2] Whereas the initial Complaint requested that the court direct the defendants to address his grievances, the Amended Complaint requests both compensatory and punitive damages.  (Doc. 17 at 2.)  Brochu's counsel from the Prisoners' Rights Office (PRO) withdrew from his case in February 2021 because the PRO is not statutorily authorized to pursue money damages.  (Doc. 11.)

Construing the Amended Complaint to state claims removable under 28 U.S.C. § 1441(a), Defendant Baker removed the case to this Court on September 2, 2021. Defendant Baker asserts the case is removable "because this Court has original jurisdiction over Plaintiff's claim that Defendant failed to adequately supervise Core Civic's delivery of health care at Core Civic's Tallahatchie County Correctional Facility located in Mississippi in violation of Plaintiff's Eighth Amendment rights." (Doc. 1 at 1.)

Brochu's Amended Complaint consists of the following three paragraphs:

1. Defendant Core Civic Corporation violated Plaintiff's right to be free from the wanton infliction of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by failing to provide Plaintiff with reasonable medical care and treatment, medical devices and pain medication that had historically proven to be efficacious, thereby causing Plaintiff to suffer prolonged and unnecessary pain in violation of the Eighth Amendment to the United States Constitution.

2. Defendant Core Civic Corporation failed to adequately superintend its employees, subsidiaries, agents and contractors which resulted in Plaintiff being denied reasonable medical care and treatment, medical devices and pain medication that had historically proven to be efficacious, thereby causing Plaintiff to suffer prolonged and unnecessary pain in violation of the Eighth Amendment to the United States Constitution.

3. Defendant James Baker, acting in his official capacity as the Commissioner of the Vermont [DOC], failed to adequately superintend its contractor, the Core Civic Corporation which resulted in Plaintiff being denied reasonable medical care and treatment, medical devices and pain medication that had historically proven to be efficacious, thereby causing Plaintiff to suffer prolonged and unnecessary pain in violation of the Eight Amendment to the United States Constitution.

(Doc. 17 at 1–2, ¶¶ 1–3.) Brochu's Amended Complaint seeks punitive and compensatory damages.

## II. Standard of Review

The Prison Litigation Reform Act requires that federal courts conduct an initial screening of complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). A reviewing court must dismiss

a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In conducting this screening, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" set forth in the Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). Additionally, the Court is required to read a self-represented plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016).

A complaint is properly dismissed where, as a matter of law, "the allegations in [it] however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In evaluating whether a complaint fails to state a claim upon which relief can be granted, the court tests the pleading for "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This does not require a plaintiff to provide "detailed factual allegations" to support his claims, *Twombly*, 550 U.S. at 555, but allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

**III.     Eighth Amendment Claims Under 42 U.S.C. § 1983**

As Brochu appears to allege an Eighth Amendment violation against a state official, the Court construes his claims under 42 U.S.C. § 1983. Although Brochu's Amended Complaint does not explicitly reference 42 U.S.C. § 1983, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Rather, [f]actual allegations alone are what matters. That principle carries particular force where a [self-represented] litigant is involved." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (first and second alterations in original) (internal quotation marks and citations omitted).

Congress enacted § 1983 to provide a statutory remedy for violations of the Constitution. Congress "specified that the conduct at issue must have occurred 'under color of' state law; thus, liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S.179, 191 (1988) (internal quotation marks omitted). In order to allege a § 1983 violation, a plaintiff must plausibly plead "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (omission in original) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Section 1983 does not itself create or establish a federally protected right; instead it creates a cause of action to enforce federal rights created elsewhere, such as a federal constitutional right. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Brochu's Amended Complaint alleges that Defendants violated his Eighth Amendment rights. The Cruel and

Unusual Punishments Clause of the Eighth Amendment imposes a duty on prison officials to provide adequate medical care to prisoners. *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). Brochu appears to allege Eighth Amendment claims against Core Civic for deprivation of his right to adequate medical care and failure to adequately supervise its employees in the provision of necessary medical care. He further appears to allege an Eighth Amendment claim against Defendant Baker for failure to supervise Core Civic, "which resulted in Plaintiff being denied reasonable medical care and treatment, medical devices[,] and pain medication." (*See* Doc. 17 at 1–2, ¶¶ 2, 3.)

"To state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must allege first, that the deprivation [of care] . . . [is], objectively, sufficiently serious, and second, that the prison official . . . [acted with] a sufficiently culpable state of mind." *McFadden v. Noeth*, 827 F. App'x 20, 27 (2d Cir. 2020) (alterations and omissions in original) (internal quotation marks omitted). A condition is objectively serious if "a reasonable doctor or patient would find [it] important and worthy of comment" or if "it causes chronic and substantial pain" to the inmate. *Salahuddin*, 467 F.3d at 280 (alteration in original) (internal quotation marks omitted). "Prison officials are deliberately indifferent to an inmate's health, and thus have a sufficiently culpable state of mind, when they act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *McFadden*, 827 F. App'x at 27 (internal quotation marks omitted). Consequently, not all failures by prison staff to provide medical care rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.").

Construing the Amended Complaint liberally, the Court determines at this stage that Brochu has not stated a plausible Eighth Amendment claim under § 1983.  Although the Amended Complaint generally alleges that Defendants failed to provide "reasonable medical care and treatment, medical devices[,] and pain medication that had historically proven to be efficacious," it does not specify Defendants' alleged failings in relation to any particular medical condition.  (Doc. 17 at 1–2, ¶¶ 2, 3.)  Based on the limited facts in the Amended Complaint, the allegations are inadequate to show that any deprivation of care was objectively serious.  Brochu also does not sufficiently allege that anyone acted with deliberate indifference in denying him treatment.  The Amended Complaint contains no allegations that Defendants knew or should have known of a substantial risk of harm to Brochu, or that they disregarded that risk.

A. **Core Civic's § 1983 Liability**

Generally, an employer cannot be held liable for the acts of its employees under the tort theory of respondeat superior in suits brought under § 1983.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Although this rule was initially established in the context of municipal employers, it has been extended to private employers as well.  *See Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Powell v. Shopco Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982); *Draeger v. Grand Cent., Inc.*, 504 F.2d 142, 145–46 (10th Cir. 1974).  Accordingly, in the ordinary case, private employers like Core Civic are not liable for the constitutional torts of their employees "unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (omission in original) (quoting *Monell*, 436 U.S. at 691); *see also Vega v. Fox*, 457 F. Supp. 2d 172, 183 (S.D.N.Y. 2006); *Cochran v. CCA-LAC Med. Dep't*, No. 1:06-CV-116, 2007 WL 431118, at *2–3 (D. Vt.

Feb. 5, 2007). "A policy or custom for purposes of 42 U.S.C. § 1983 may be explicit or may be inferred by constitutional violations that are so 'persistent and widespread' that they 'practically have the force of law.'" *Zamani v. Nassau Cnty.*, 14-CV-5606 (JFB)(SIL), 2015 WL 9943257, at *6 (E.D.N.Y. Dec. 16, 2015) (quoting *Davis v. City of New York*, 959 F. Supp. 2d 324, 338 (S.D.N.Y. 2013)).

In this case, it is arguable that Core Civic is more than a mere private corporation because it provides medical care to prisoners on behalf of the State of Vermont. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 527 (2d Cir. 1996) ("The fact that a municipality is responsible for providing medical attention to persons held in its custody may make an independent contractor rendering such services a state actor within the meaning of § 1983 with respect to the services so provided . . . ."). Whether CoreCivic is considered a private corporation or a state actor, however, Brochu must allege that his inadequate medical care was caused by action taken pursuant to an official policy or custom. *See Monell*, 436 U.S. at 691.

The Amended Complaint[3] does not allege that Brochu's inadequate medical treatment was the result of action pursuant to an official policy or custom of Core Civic. At this stage, Brochu's "general and conclusory" allegations are insufficient to establish any plausible claim of liability against Defendant Core Civic. *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015).

---

[3] Although the Amended Complaint has superseded the Complaint, *Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018), the Court notes Brochu's statement in the grievance form attached to the initial Complaint: "Dr. Pols says all he can do, pursuant to CCA policy is prescribe me Symbalta because it is 'cheaper' than the medication that has been prescribed to me and found to work, Lyrica." (Doc. 5-1 at 2.) A disagreement over medical treatment or particular medications, however, does not state a claim for deliberate indifference. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment.").

B.  **Commissioner Baker's § 1983 Liability**

Brochu fails to state a claim against Commissioner Baker in his official capacity under § 1983.[4] The DOC Commissioner in his official capacity is not subject to suit under § 1983 because state officers sued in their official capacity are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). In addition, the Eleventh Amendment to the United States Constitution bars suits for money damages in federal courts against states and state officials in their official capacity.

The Eleventh Amendment[5] protects a state from suits in federal courts unless there has been an explicit and unequivocal waiver of immunity by a state, or a similarly clear abrogation of the immunity by Congress. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Agencies and departments of a state are entitled to assert the state's Eleventh Amendment immunity. *Pennhurst*, 465 U.S. at 100; *see also Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (noting Eleventh Amendment immunity extends to "state agents and state instrumentalities that are, effectively, arms of the state" (internal quotation marks omitted)). Suits against state actors

---

[4] Should Brochu seek to bring claims against Defendant Baker in his individual capacity, he must allege "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (stating the requirements "to establish a defendant's individual liability in a suit brought under § 1983"). To the extent that Brochu seeks to allege a claim that Commissioner Baker failed to properly supervise, this Court has held that "CCA employees are not subordinates of state correctional officials." *Seifert v. Corr. Corp. of Am.*, No. 2:09 CV 119, 2010 WL 446969, at *5 (D. Vt. Feb. 1, 2010) (Core Civic was formerly Corrections Corporation of America).

[5] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although by its terms the Amendment bars only federal suits against state governments by citizens of another state or foreign country, the Supreme Court interprets the Eleventh Amendment to bar federal suits against state governments by a state's own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent" and "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 165–66 (internal quotation marks omitted); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State. . . . [T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses.").

The State of Vermont has not waived its Eleventh Amendment sovereign immunity. The Vermont Legislature has specifically preserved the State's immunity under that Amendment. *See* 12 V.S.A. § 5601(g) (Vermont Tort Claims Act reserves Eleventh Amendment immunity for all claims not specifically waived). It is also well settled that Congress did not abrogate state sovereign immunity by enacting § 1983. *See Quern v. Jordan*, 440 U.S. 332, 340–42 (1979).

Therefore, to the extent Brochu seeks to sue Defendant Baker in his official capacity for money damages, the claim may not proceed because it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

## IV. Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). Brochu may therefore file a Second Amended Complaint. Should Brochu file a Second Amended Complaint, it must include all of Brochu's factual allegations in their entirety and must set forth all the claims he has against all defendants and all the relief he seeks. *See* Fed. R. Civ. P. 8(a).

A Second Amended Complaint, if filed, will supersede and completely replace the Amended Complaint.  *See Hancock*, 882 F.3d at 63 (noting that "[i]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect" (alteration in original) (internal quotation marks omitted)).  Accordingly, reference back to the original Complaint or Amended Complaint is insufficient under Rule 15(b) of the Local Rules of Civil Procedure for the District of Vermont.  *See* D. Vt.  L.R. 15(b).  Equally important, a Second Amended Complaint must comport with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim as required by Rule 8, and doing so in consecutively numbered paragraphs as required by Rule 10.

## Conclusion

For the reasons discussed, upon conducting the review required under 28 U.S.C. § 1915A(a), Brochu's Amended Complaint (Doc. 17) is DISMISSED without prejudice because it fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  Brochu may file a Second Amended Complaint no later than 45 days from receipt of this Order.

Should Brochu timely file a Second Amended Complaint, the Clerk's Office is directed to issue appropriate service of process for defendants.  As Brochu is proceeding IFP, it is further ORDERED that service of process shall be undertaken pursuant to 28 U.S.C. § 1915(d) and shall be made by the U.S. Marshals Service.  *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  In the event Brochu elects not to file a Second Amended Complaint, this case will be closed.

Dated at Burlington, in the District of Vermont, this 18th day of November 2021.

*/s/ Kevin J. Doyle*
United States Magistrate Judge